Dmitri **TATARINOV–VALEREVEICH,**
Petitioner–Appellant,

v.

Alberto R. **GONZALES,** Attorney General, Respondent–
Appellee.

No. 05–56021.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2006.

Filed Feb. 9, 2007.

**610**

James Robert Patterson, Esq., Law Office of Lilia S. Velasquez, San Diego, CA, for Petitioner–Appellant.

Samuel W. Bettwy, Esq., U.S. Atty CAS, Office of the U.S. Attorney, San Diego, CA, for Respondent–Appellee.

* The Honorable George P. Schiavelli, District Judge for the Central District of California, sitting by designation.

Before: FARRIS and THOMAS, Circuit Judges, and SCHIAVELLI,* District Judge.

## MEMORANDUM **

Dimitri Tatarinov–Valereveich ("Tatarinov") appeals the district court's denial of his habeas petition. Under the REAL ID Act, we construe the appeal as a petition for review, Pub.L. No. 109–13, 119 Stat. 231 (May 11, 2005); *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929 (9th Cir.2005), and review the agency's decision. Where, as here, the Board of Immigration Appeals ("BIA") summarily affirms the IJ's decision under 8 C.F.R. § 1003.1(e)(4), we review the immigration judge's ("IJ") decision directly. *Lopez–Alvarado v. Ashcroft*, 371 F.3d 1111, 1114 (9th Cir.2004). We review factual findings under the substantial evidence standard, upholding them unless the evidence in the record compels a contrary result. *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir.2004). We review questions of law de novo. *De Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004). Applying these standards, we deny the petition for review. Because the parties are familiar with the factual and procedural histories of this case, we will not recount them here.

I

■ The evidence does not compel the conclusion that the IJ erred when he found that Tatarinov had not shown either past persecution or a well-founded fear of future persecution in Russia. Although this

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

court has held that threats can constitute persecution, it has limited that holding to credible death threats combined with detentions, physical abuse or close confrontations. *See, e.g., Deloso v. Ashcroft,* 393 F.3d 858, 860 (9th Cir.2005) (holding that death threats, along with being shot at, attacked on two occasions, and followed by a political enemy after relocating, rose to the level of persecution); *Nahrvani v. Gonzales,* 399 F.3d 1148, 1153 (9th Cir. 2005) (holding that "several incidents of harassment, threats, and property damage" did not "meet the high standard required to prove persecution"). The vague threat that Tatarinov experienced cannot rise to the level of persecution. That the same men came to his apartment and asked for him on one occasion does not change this conclusion.

As for future persecution, neither the fear of extortion that Tatarinov described in his testimony, nor his admittedly speculative fear of persecution by the Russian government because of his criminal record compel finding a well-founded fear of persecution.

In addition, the IJ did not err in determining as a legal matter that Tatarinov had not shown that these incidents were "on account of" his membership in a particular social group. Tatarinov proposed two "particular social groups": "individuals who have an above-average education, who work in supervisory or small business situations," and criminal aliens deported to Russia. We have defined "particular social group" as "a voluntary association, including a former association, or ... an innate characteristic that is so fundamental to the identities or consciences of its members that members either cannot or should not be required to change it." *Hernandez–Montiel v. INS,* 225 F.3d 1084, 1093 (9th Cir.2000). Tatarinov's proposed groups do not meet this definition. "There

is neither a voluntary relationship nor an innate characteristic to bond [the] members of the former group." *Ochoa v. Gonzales,* 406 F.3d 1166, 1170 (9th Cir.2005).

## II

INA § 212(h)(2) limits the availability of § 212(h) waivers: "No waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if ... the alien has not lawfully resided continuously in the United States for a period of not less than 7 years immediately preceding the date of initiation of proceedings to remove the alien from the United States." The IJ found Tatarinov ineligible for the waiver because he could not show 7 years' residency.

Tatarinov challenges this statute as violative of Equal Protection in that it imposes a 7–year residency requirement on Legal Permanent Residents that it does not impose on illegal immigrants, "creat[ing] an irrational distinction between individuals in favor of undocumented immigrants therefore violating equal protection [and] punish[ing] those with more ties to the United States."

This argument is foreclosed by our decision in *Taniguchi v. Schultz,* 303 F.3d 950 (9th Cir.2002), in which we found two rational bases for the distinction: first, that "'it is arguably proper to hold [LPRs] to a higher standard and level of responsibility than [non LPRs]'" so that LPRs who commit aggravated felonies are "less deserving of a 'second chance'" than illegal immigrants who do the same, *id.* at 957–958 (quoting *Lara–Ruiz v. INS,* 241 F.3d 934, 947–48 (7th Cir.2001)); and second, that one of Congress's goals in restricting the § 212(h) waiver was to expedite the removal of criminal aliens from the United States, and although it may have been

"wiser, fairer and more efficacious for Congress to have eliminate § 212(h) relief for non-LPR aggravated felons as well," its failure to do so did not render the statute irrational as a "first step" towards that goal. *Id.* at 958.

Tatarinov also challenges the application of the additional restrictions on the eligibility of LPRs for a § 212(h) waiver to him because he was merely a *conditional* permanent resident at the time that he committed the offenses that led to his convictions. Tatarinov failed to raise this argument to the BIA, and in fact conceded in his brief to the Board that he was properly considered an LPR. By failing to raise the argument to the BIA, Tatarinov failed to exhaust his administrative remedies and we have no jurisdiction over the claim. 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004).

**PETITION DENIED.**